TEXARKANA BAPTIST ORPHANAGE *v.* WILSON.

4-3510

Opinion delivered June 25, 1934.

*Donham & Fulk,* for appellant.

*Louis Josephs* and *Frank S. Quinn,* for appellee.

McHANEY, J. Appellee sued appellant to recover for eight months' salary as superintendent of its orphanage in Texarkana, Arkansas, at $85 per month, and for certain expenditures he claimed to have made in improving its property and in operating it, in a total sum of $862.49. He claims to have been employed by appellant in such capacity for a period of one year from November 10, 1932, to November 10, 1933, and that it failed to pay him his salary, except for a period of three months; that it, through its board, demanded his resignation on June 1, 1933, notified him his contract of employment would no

longer be recognized and repudiated it. He prayed judgment in said amount, that it be declared a lien on its property, and that same be foreclosed and the property sold. Appellant defended the action on the ground that, although appellee had been employed by it as superintendent of its orphanage at a salary of $85 per month, he had been discharged by its board of trustees for cause on July 15, 1933, and that, if appellee had vacated the orphanage on that date, as he should have done, it would have been indebted to him in the sum of $382.50, which amount it offered to pay him, but same was refused, and that he refused to vacate said orphanage after his discharge, continued to remain in possession and supported himself and family out of the funds donated to care for the orphans. It further alleged that he was discharged after an investigation of his moral fitness for the position after an investigation by the board at his request. Cross-complaint was filed against him seeking to recover possession of its property and for damages in the sum of $1,000. A trial of the case resulted in a decree in appellee's favor for $793.35, and required him to vacate the property and deliver possession within 10 days from the date of the decree. Thereafter appellee sued out a writ of garnishment against J. B. Richardson and caused execution to issue on said judgment. Timely motions were made to quash said writs, which were overruled by the court. This appeal challenges the correctness of said decree in rendering judgment for appellee, and the action of the court in overruling said motions to quash said writs.

In view of the disposition we make of the case, it becomes unnecessary to discuss or decide whether the funds or property of a public charity may be lawfully subjected to a writ of garnishment or the levy of an execution on a judgment.

For the purpose of this decision we assume that appellee had a contract for one year as superintendent of appellant's orphanage. although this allegation in the complaint was denied in the answer, and there is little, if any, evidence in the record to support it. But, assum-

ing that there was such a contract, the law does not impose the burden on appellant of compliance therewith for the full term at all hazards. Disability, death, resignation or disqualification for cause, such as gross immorality, theft, embezzlement or other criminal conduct rendering him unfaithful or unfit for the performance of his duties, would discharge appellant of its further obligation to perform the contract. See 39 C. J., p. 84 *et seq*. The fact is that certain charges of immorality had been made against appellee relating to misconduct with his adopted daughter. The board of trustees met on June 7, 1933, pursuant to adjournment. At the previous meeting these charges or accusations against appellee were considered and certain witnesses were heard. Other witnesses were heard at the June 7 meeting, including appellee, his wife, adopted daughter, inmates and former inmates of the orphanage. The minutes of this meeting read in part as follows: "The board retired to give the matter due consideration as to the truthfulness of the charges and to render to the best of their ability a proper decision. After due consideration, the board found that the alleged accusations and rumors were in the main true.

"Whereupon a motion was made and unanimously adopted that it would be for the best interest that Eld. A. T. Wilson be discharged, his resignation being called for effective July 1, 1933, and, if resignation not be made by then, the office of superintendent be declared vacant, and that he be discharged and that he and family vacate by July 15th."

This record clearly shows he was discharged for cause after a full and fair investigation. He was asked to resign effective July 1, but, if he failed to resign by that time, the office was "declared vacant, and that he be discharged and that he and his family vacate by July 15." He was so notified immediately. He refused to resign, and he refused to vacate. The board had the right, and it was its duty, to make the investigation it did make. Its judgment in the premises is final since no review thereof was sought, and there is nothing in this record to show the board's action to be arbitrary. Appellee's employment

ceased on July 15, 1933, and appellant was not liable for further salary under the contract. He thereafter had no right to remain in the institution, but he continued to do so until about the middle of December, some five months, with his wife and children, maintaining himself and family for such time out of donations to the orphanage. Appellee contends, however, that he remained on duty, performed services, accepted orphans, etc., all with the knowledge and acquiescence of the board. It is true he remained after his discharge, but not with the consent of the board. A committee was sent to the institution to check him out, make an inventory, etc., but appellee refused them the right to do so. In order to prevent more trouble and undue publicity to an institution dependent upon charity for support, the board refrained from the use of physical force or court procedure to remove him. It cannot be said it estopped itself or approved his action so as to make it liable for his expenditures or salary during such time.

It is admitted that appellant is indebted to appellee for salary unpaid in the sum of $382.50, but we are of the opinion that the upkeep for himself and family during the time he unlawfully and wrongfully remained in possession of the institution after his discharge should be offset against this amount. The record does not show what this would reasonably be worth. The judgment will be reversed, and the cause remanded with directions to determine this amount and to offset same to the extent thereof against the amount due for salary in the sum of $382.50.